1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

### EASTERN DISTRICT OF CALIFORNIA

9
10

DEBBY GENTHNER,

11

Plaintiff,

12

v.

13
14

FIRST HEATH MEDICAL CENTER OF
FRESNO, INC, et al.

15
16

Defendants.

_____/

CASE NO. 1:16-cv-00414-LJO-SKO

**ORDER THAT PLAINTIFF'S
COMPLAINT BE DISMISSED WITH 30
DAYS LEAVE TO AMEND**

17
18

## I.   INTRODUCTION

19

On March 25, 2016, Plaintiff Debby Genthner ("Plaintiff"), proceeding pro se and *in forma*

20

*pauperis*, filed a complaint against Defendants First Health Medical Center of Fresno, Inc., S.

21

Stephen Krikorian, D.C., Mark Nazarian, M.D., Jeanette Harris, D.C., and Ryan Rustigan

22

(collectively "Defendants").  (Doc. 1.)  For the reasons set forth below, IT IS RECOMMENDED

23

that Plaintiff's complaint be DISMISSED without prejudice and with leave to amend.

24

## II.   PLAINTIFF'S ALLEGATIONS

25

Plaintiff alleges she was treated by Defendant First Health Medical Center in January

26

2014.  X-ray imaging was done of her knees and she was informed by Defendant Rustigan that

27

"everything was fine."  She requested her medical records in July of 2014 and "looked over the

28

records and saw the notes regarding [her] knees" which caused her concern, and later discovered

"a meniscus tear in [her] knees."  Plaintiff alleges that despite having worked out a payment plan with Defendant Krikorian, she was sent to collections.  Plaintiff attaches as exhibits copies of some of her medical treatment and billing records, as well as a copy of a letter of settlement from a collections agency for an overdue amount owed.

Plaintiff does not identify an amount in controversy, but contends Defendants Harris and Rustigan "need to be held accountable and criminally charged for not diagnosing [her] or giving [her] a referral to a specialist for treatment of [her] knee injuries" and Defendant Nazarian "should also be criminally charged for not diagnosing me with a concussion and [ ] knee injuries." Plaintiff asks the Court to "compensate [her] for the pain and suffering" Defendants Harris, Rustigan, and Nazarian caused by failing to provide adequate diagnoses, as she "walked around on meniscus tears in both knees for over a year" and thereby experienced "excruciating pain" while squatting.  Because Defendants failed to refer her to a specialist in January 2014, Plaintiff alleges she "can't get a referral for this injury or anything else from any primary doctor I get.  This is a pattern that has continued to the present."

Plaintiff seeks compensatory damages, punitive damages, and nonecomonic damages for intentional and negligent infliction of emotional distress.

### III.   SCREENING STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may not simply allege a wrong has been committed and demand relief. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). Further, while factual allegations are accepted as true, legal conclusions are not. *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV. DISCUSSION

The Court must determine whether it has the power to consider the claims alleged within the complaint. Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

The Court has an independent duty to consider its own subject-matter jurisdiction, whether or not the issue is raised by the parties (*id.*), and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). Subject matter jurisdiction to hear a plaintiff's claim must either "arise under" federal law or be established by diversity jurisdiction. 28 U.S.C. §§ 1331 and 1332. The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear his claims.

**A.      Plaintiff Fails to Plead a Cognizable Federal Claim**

Though Plaintiff states that this Court has jurisdiction over complaint under "federal question" jurisdiction, 28 U.S.C. § 1331, Plaintiff does not plead a cognizable federal claim. (*See* Doc. 1, p. 3.) Plaintiff alleges she was injured due to Defendants' "[f]ailure to diagnose and refer [her] to a specialist for treatment." (Doc. 1, p. 4.) She "ha[s] the right to medical care" and "[i]f a chiropractor sees damages that he or she can't treat, he or she has to refer me to a specialist that can treat me." (Doc. 1, p. 4.) Plaintiff further contends that she must "be notified of [her] bills due before [being] sent to collections" and "should have been notified of [her] knee injuries."

3

1  (Doc. 1, p. 4.)

2        Liberally construed, Plaintiff has alleged *state law* claims for medical malpractice,

3  professional negligence, failure to meet the established standard of care, intentional infliction of

4  emotional distress, and negligent infliction of emotional distress against Defendants.  There is *no*

5  cognizable federal claim to invoke the Court's jurisdiction over this action.

6  **B.      Plaintiff Fails to Plead Complete Diversity Jurisdiction**

7        In the event a plaintiff fails to plead a cognizable federal claim, subject matter jurisdiction

8  to hear a federal plaintiff's state law claims may be instead established by diversity jurisdiction.

9  28 U.S.C. §§ 1331 and 1332.  Here, there is no federal issue underlying Plaintiff's state claims for

10  medical malpractice, so this Court must determine whether it has diversity jurisdiction to hear

11  Plaintiff's claims.

12        Under 28 U.S.C. § 1332, federal district courts maintain original jurisdiction over all civil

13  actions where the matter in controversy exceeds $75,000 *and* is between "citizens of a State and

14  citizens or subjects of a foreign state."  Here, Plaintiff fails to allege an amount in controversy in

15  excess of the statutory threshold.  (*See* Doc. 1, p. 11.)  Generally, "the sum claimed by the plaintiff

16  controls if the claim is apparently made in good faith."  *St. Paul Mercury Indem. Co. v. Red Cab*

17  *Co.*, 303 U.S. 283, 289 (1938).  The complaint here, however, does not state a specific sum and

18  therefore it is unclear whether the case meets the amount-in-controversy requirement for the

19  exercise of federal jurisdiction.  28 U.S.C. § 1332.

20        The more critical defect, however, is that Plaintiff's complaint fails to establish complete

21  diversity of citizenship between the parties.  "Subject matter jurisdiction based upon diversity of

22  citizenship requires that no defendant have the same citizenship as *any* plaintiff."  *Tosco Corp. v.*

23  *Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on*

24  *other grounds by Hertz Corp. v. Friend*, 59 U.S. 77 (2010) (italics added Plaintiff is a citizen of

25  California, and it is unclear from the pleadings that all the named Defendants are citizens of

26  foreign states.  If *any* Defendant has the same citizenship as the Plaintiff, the Court has *no*

27  diversity jurisdiction over this matter.

28  //

4

As the complaint is currently written, the state law claims must be dismissed because the Court does not have subject matter jurisdiction to hear them. *See Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir. 2001) ("[I]f the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

**E.     Leave to Amend Should Be Granted**

The complaint has not set forth a cognizable federal claim and there are no facts establishing complete diversity between the parties to establish diversity jurisdiction over Plaintiff's state law claims. Because Plaintiff has failed to plead facts invoking the Court's jurisdiction, the complaint must be dismissed. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

Plaintiff's complaint is therefore DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND. Plaintiff will be given an opportunity to amend the deficiencies of the complaint as discussed above.

Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

## IV.    CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.     Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;

2.     Plaintiff shall file an amended complaint within thirty (30) days from the date of service of this order; and

3.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **April 7, 2016**                           **/s/ Sheila K. Oberto**

                                              UNITED STATES MAGISTRATE JUDGE